IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 3:25 mj 179 SCR |
| v. | ) |
| | ) |
| ANGEL ANTONIO LARA REYES | ) |
| | ) |

## AFFIDAVIT

I, Luis Salinas, a Special Agent with Department of Homeland Security's ("DHS") Homeland Security Investigations ("HSI"), being duly sworn, deposes and says:

## BACKGROUND

1. I am a Special Agent employed by the Department of Homeland Security's ("DHS") Homeland Security Investigations ("HSI") and have been employed by HSI since April 2017. I received a Bachelor of Science degree in Criminal Justice from Park University. I graduated from the Federal Law Enforcement Training Center, where I received training in investigating federal law violations, including but not limited to bank fraud, money laundering, narcotics and human trafficking. During my tenure with HSI, I have worked on and/or assisted on investigations involving drug violations, bulk cash smuggling, structuring, money laundering, and fraud. Prior to working with HSI, I held various investigative positions at the state and federal level, including a position as a Criminal Investigator with the United States Marine Corps and as an investigator with the Office of Executive Inspector General for the Agencies of the Illinois Governor.

2. I am assigned to HSI Charlotte, Carolina Financial Task Force. HSI Special Agents ("SA") assigned to the task force are responsible for investigating a broad range of financial crimes

1

and enforcing immigration laws within the workplace. Their duties include identifying, investigating, and dismantling criminal organizations involved in financial fraud, money laundering, intellectual property theft, and other economic crimes that threaten national security and public safety. Additionally, HSI SAs conduct worksite enforcement operations to ensure compliance with immigration laws, targeting employers who knowingly hire unauthorized workers and exploit labor. HSI SAs operate under statutory authorities granted by the Immigration and Nationality Act ("INA"), the Homeland Security Act, and other federal statutes, which enable them to conduct criminal investigations, execute search and arrest warrants, and collaborate with other federal, state, and local agencies to uphold the integrity of the nation's economic and immigration systems.

3. My experience as a federal law enforcement officer and criminal investigator includes the investigation and prosecution of violations of criminal laws relating to unlawful entry, employment, and physical presence in the United States. My current duties include conducting criminal investigations of violations of federal statutes and administrative violations of the INA and Title 18 of the United States Code.

4. This Affidavit is presented to set forth sufficient facts to support a probable cause finding for the issuance of a criminal complaint against ANGEL ANTONIO LARA REYES for violating Title 8, United States Code, Section 1326(a) (illegal reentry of a previously removed alien).

5. The information contained in this Affidavit is based on my personal participation in this investigation, information provided to me by other law enforcement officers, and investigative reports. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the criminal complaint of the defendant identified herein, I have not included

2

every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the requisite foundation for a probable cause finding.

## FACTS SUPPORTING A PROBABLE CAUSE FINDING

6. On June 25, 2025, HSI, along with the assistance of other federal and local law enforcement agencies, executed a federal search and seizure warrant on the premises of Buckeye Fire Equipment Company ("Buckeye Fire"), located at 110 Kings Road, Kings Mountain, North Carolina 28086 and 1020 JE Herndon Access Road, Kings Mountain, North Carolina, 28086, located in the Western District of North Carolina.

7. The Honorable W. Carleton Metcalf, United States Magistrate Judge, U.S. District Court for the Western District of North Carolina, authorized this warrant, which directed agents to seize records and evidence related to, *inter alia*, violations of 42 U.S.C. § 408(a)(7)(B)(misuse of a Social Security number) and 18 U.S.C. § 1546(b)(3)(use of a false statement in an immigration matter), pursuant to HSI's investigation of Buckeye Fire's employment practices.

8. During the execution of the search warrant, law enforcement encountered ANGEL ANTONIO LARA REYES.

9. Prior to any questioning, ANGEL ANTONIO LARA REYES was read his *Miranda* rights. Thereafter, he stated his name was ANGEL ANTONIO LARA REYES.

10. A review of various databases and Immigration and Customs Enforcement ("ICE") records revealed that that ANGEL ANTONIO LARA REYES was a citizen of Honduras and not a citizen of the United States.

11. Accordingly, ANGEL ANTONIO LARA REYES was administratively arrested and transported to an ICE Detention Facility.

12. As part of this investigation, your affiant and participating law enforcement agents reviewed ANGEL ANTONIO LARA REYES temporary Alien-File ("T-File") A 202 135 095 and other DHS immigration databases, including Enforce Alien Removal Module (EARM). The T-File contained ANGEL ANTONIO LARA REYES' biographical information, family history, records of encounter with ICE or Customs and Border Protection (CBP), conviction records, photographs, and fingerprints. I have concluded that the relevant records reviewed pertain to ANGEL ANTONIO LARA REYES.

13. ANGEL ANTONIO LARA REYES.

14. The T-File and other records reflect the following information:

   a. ANGEL ANTONIO LARA REYES is a citizen and national of Honduras.

   b. ANGEL ANTONIO LARA REYES' date of birth is February 6, 1973, and his name is correctly reflected in this Affidavit and the attached complaint.

   c. On or about November 17, 2014, United States Border Patrol (USBP) encountered ANGEL ANTONIO LARA REYES in the Rio Grande Valley, Texas. An immigration officer determined ANGEL ANTONIO LARA REYES unlawfully entered the United States from Mexico at a time and place other than as designated by the Secretary of the Department of Homeland Security. On or about November 21, 2014, pursuant to removal order, ANGEL ANTONIO LARA REYES was deported from the United States via air transport from Brownsville, Texas.

   d. On or about June 14, 2019, ANGEL ANTONIO LARA REYES was again encountered in the Rio Grande Valley, Texas by USBP. An immigration officer determined ANGEL ANTONIO LARA REYES unlawfully entered the United

States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security. ANGEL ANTONIO LARA REYES was arrested for reinstatement of Prior Order of Removal. Due to existing policies in 2019 pertaining to arrivals with minor children, ANGEL ANTONIO LARA REYES was served with a Notice to Appear (NTA). However, ANGEL ANTONIO REYES failed to appear and therefore the NTA was never lodged with the court.

e. Your affiant did not find any evidence ANGEL ANTONIO LARA REYES has ever applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

## CONCLUSION

Based upon my training, experience and the facts in this Affidavit, I respectfully assert that sufficient facts exist to support the issuance of a criminal complaint against ANGEL ANTONIO LARA REYES for violating Title 8, United States Code, Section 1326 (a)(1)(illegal reentry of a previously removed alien).

*This Affidavit was reviewed by AUSA Kenneth Smith.*

Respectfully submitted,

Luis Salinas
Special Agent, Homeland Security
Investigations

SUBSCRIBED and SWORN to before me on this 3rd day of July 2025.

THE HONORABLE SUSAN C. RODRIGUEZ
UNITED STATES MAGISTRATE JUDGE